# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRADY K. ARMSTRONG, | ) | 1:08-CV-00443 AWI WMW (HC) |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR COURT ORDER |
| v. | ) | "DIRECTING |
| | ) | DEFENDANTS/RESPONDENTS TO |
| | ) | POSTHASTE RETURN" PETITIONER'S |
| A. HEDGPETH, Warden, | ) | LEGAL MATERIAL AND REQUEST FOR |
| | ) | EXTENSION OF TIME |
| Respondent. | ) | |
| | ) | [Doc. #16] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 1, 2009, Petitioner filed a motion seeking that the Court order Respondent to return Petitioner's legal documents and cease intentionally subjecting him to no lighting. The motion also requested an extension of time for Petitioner to file a traverse to Respondent's answer to the petition for habeas corpus. (Doc. #16).

On January 16, 2009, Respondent filed an opposition to Petitioner's motion arguing that the Court did not have the power under federal habeas law to order Respondent to do any of the things sought by Petitioner. Respondent did not object to Petitioner's request for and extension of time. (Doc. #17).

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show

that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner claims prison staff entered his cell and read and confiscated his legal material. Petitioner also claims that he was intentionally subjected to "no light or lighting."  In this motion Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief, therefore this motion, to the extend that it complains of conditions of confinement, must be denied. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

Petitioner also requests an extension of time to file a traverse to Respondent's answer.  On February 2, 2009, Petitioner filed a traverse to Respondent's answer (Doc. #18), thus rendering the request in this motion moot.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion be DENIED.

IT IS SO ORDERED.

**Dated:    May 1, 2009**                                   **/s/  William M. Wunderlich**
                                                                     UNITED STATES MAGISTRATE JUDGE