# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG, ) | 1:08-CV-00443 AWI YNP [DLB] (HC) |
|         Petitioner, ) | |
| v. ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| A. HEDGPETH, Warden, ) | |
|         Respondent. ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL BACKGROUND**[1]

Petitioner is currently in the custody of the State of California at Pleasant Valley State Prison in Coalinga, California. At the time the instant petition was filed, February 20, 2008, Petitioner was housed at Kern Valley State Prison in Delano, California.

With this petition, Petitioner does not challenge his underlying conviction and sentence. Rather, he challenges a prison disciplinary hearing held on December 1, 2005, in which he was found guilty of "refusing verbal orders" in violation of CCR Title 15, Section 3005(b). Petitioner was assessed a 30 day loss of credit and a 30 day loss of yard privileges. Petitioner claims that his due process rights were violated when the Senior Hearing Officer (SHO) would not let Petitioner present witnesses or documentary evidence.

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's answer to the petition, and the exhibits in support of Respondent's answer.

Respondent filed an answer to the petition on September 29, 2008. (Doc. #12). Petitioner filed a traverse on February 2, 2009. (Doc. #18).

## FACTUAL BACKGROUND

On November 13, 2005, Petitioner received a CDC-115 for failing to get on his bunk for count after being ordered to do so by Correctional Officer (CO) Brewer. In the rules violation report (RVR), officer Brewer wrote that she gave the "inmates a 10 minutes warning for count. When I called for count time and told the inmates to get on their bunks [Petitioner] got off his bunk. . . . walked to the bathroom and proceeded with his business." (RVR, 1). Petitioner told CO Brewer that he had diabetes and that he is supposed to be able to use the toilet whenever he needs. Id. CO Brewer spoke with Medical Technical Assistant (MTA) Bates who told her that Petitioner "'is supposed to follow the rules and that he doesn't have any kind of chrono (sic) supporting what [Petitioner] said.'" Id. Petitioner informed CO Brewer that he had a case pending regarding a similar situation with Sergeant Roberson so CO Brewer brought the November 13, 2005, incident to Sergeant Roberson's attention. Id.

On December 1, 2005, a disciplinary hearing was held with respect November 13, 2005, CDC-115. (Answer, Ex. 1, Superior Ct. Pet., Ex. A, Rules Violate Report - Part C, continuation of hearing, Page 1 of 3). The hearing report states that Petitioner was served with a copy of the RVR with in 15 days of discovery of the charged offense and that the hearing was held within 30 days of that service. Id. Petitioner pled not guilty to the charge, stating that he "didn't know it was count time. [He] had just woke up and got up to go to the bathroom." Id. at 2. The hearing report indicates that Petitioner asked to call four witnesses: CO Brewer, Sergeant Roberson, CO Bennet, and CO Tovar. Id. The SHO denied Sergeant Roberson, CO Bennet, and CO Tovar because they were not present at and had no first hand knowledge of the incident. Id. CO Brewer was present at the hearing. Id. The SHO found that the written RVR was sufficient evidence to support the charge and found Petitioner guilty of "refusing verbal orders." Id. at 2-3.

# DISCUSSION

## I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the deprivation in question arose out of Kern Valley State Prison, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over the action. If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990). Thus, this Court has subject matter jurisdiction.

## II. Standard of Review

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, citing U.S. ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).

In this case, it is clear that Petitioner's due process rights were met. First, Petitioner was given advance written notice of the charges. Secondly, Petitioner was given an opportunity to call witnesses, but most of the witnesses he wanted to call were not witnesses to the actual event. Wolff recognized that "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and refuse to call witnesses. . . ." Wolff, 418 U.S. at 566. The SHO stated that he had refused Petitioner's witnesses because they were not witnesses to the event in question; this reasoning is consistent with the level of discretion contemplated in Wolff. Id. Petitioner claims that he was not allowed to present documentary evidence which would prove his medical condition; however, there is no evidence to support this allegation. The hearing report makes no mention of Petitioner attempting to present any documentary evidence. Furthermore, at no point does Petitioner specify what piece of evidence he sought to present nor does he submit any such evidence as an exhibit to any of his petitions for writ of habeas corpus. Third, Petitioner was given a written statement by the fact finder of the evidence relied on and the reasons for the guilty finding.

Finally, there was at least some evidence from which to conclude Petitioner committed the charged offenses. The SHO based his finding of guilt on CO Brewer's RVR, which stated that she called count and told all the inmates to lie on their bunks and that Petitioner got up and used the toilet instead. The RVR provides some evidence to support the SHO's finding of guilt; therefore this Court will not upset that finding.

In sum, all due process requirements were satisfied. The petition is without merit and should be denied.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's

1  Findings and Recommendation."  Any reply to the objections shall be served and filed within ten
2  days after service of the objections.  The parties are advised that failure to file objections within the
3  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
4  1153 (9th Cir. 1991).

5      IT IS SO ORDERED.

6      **Dated:   January 12, 2010**               **/s/ Dennis L. Beck**
7                                                  UNITED STATES MAGISTRATE JUDGE